**THE FRANK LAW FIRM P.C.**
*Counsel for Jason Shevetz*
333 Glen Head Road, Suite 208
Old Brookville, New York 11545
P: (516) 246-5577
F: (516) 246-5597
thomas@frankfirmpc.com
Thomas J. Frank, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
In re:

ASHRAF SALEM
*ta* QUICK DOCS MEDICAL LLC
*ta* SAL MEDICAL, PC
*ta* BROOKLYN UC ADMINISTRATIVE SERVICES,
LLC
*ta* BROOKLYN URGENT CARE OF MARINE PARK,
PLLC
*ta* ASJS MEDICAL, PLLC
*ta* BKUC ADMINISTRATIVE SERVICES, LLC
*ta* KINGS COUNTY PHYSICIANS GROUP, LLC

Debtor.

----------------------------------------------------------------------------X
JASON SHEVETZ,

Plaintiff,

-against-

ASHRAF SALEM,

Defendant.

----------------------------------------------------------------------------X

**Chapter 7**

**Case No. 19-43048 (NHL)**

**Adv. Pro. No.**

<u>**COMPLAINT**</u>

Plaintiff Jason Shevetz ("**Shevetz**" or "**Plaintiff**"), a judgment creditor in the

above-captioned bankruptcy proceeding, by and through his counsel, The Frank Law

Firm P.C., as and for his complaint (the "**Complaint**") herein against debtor Ashraf

FLF No. 46376.00090

Salem ("**Debtor**" or "**Defendant**"), objecting to the dischargeability of certain debt under Bankruptcy Code § 523(a)(4), respectfully alleges as follows:

## The Parties

1. Plaintiff is an individual residing within the city and state of New York.

2. Upon information and belief, Defendant is an individual residing at 2260 East 65th Street, Brooklyn, New York 11234.

3. Upon information and belief, non-parties Quick Docs Medical LLC, SAL Medical, PC, Brooklyn UC Administrative Services, LLC, Brooklyn Urgent Care of Marine Park, PLLC, ASJS Medical PLLC, BKUC Administrative Services, LLC, and Kings County Physicians Group, LLC (the "**Entities**") are entities to which Defendant is the sole beneficial owner and to which Defendant exercises absolute dominion and control.

## Jurisdiction & Venue

4. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding, as defined in 28 U.S.C. §§ 157(b)(2)(A) and (I).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

6. The statutory predicates for the relief sought herein is Bankruptcy Code § 523.

FLF No. 46376.00090

## Factual Background

7. Plaintiff and Defendant have been friends since 2004.

8. As physicians, Plaintiff and Defendant enjoyed both a personal and business relationship.

9. In 2006, Plaintiff and Defendant established ASJS Medical PLLC ("**ASJS**"), an urgent care practice with the goal being to secure "group contracts" with various health insurance carriers to streamline the methods of payment into the urgent care facility.

10. The reason a streamlined method for payment was needed is, often times, insurance carries, as well as government agencies (*i.e.*, Medicare and Medicaid) will only remit payment for services rendered to one (1) account and one (1) mailing address per group.

11. Eventually, the partnership disintegrated, and Plaintiff commenced a proceeding in the Supreme Court of the State of New York, Kings County under Index No. 3208/2016 seeking to dissolve ASJS.

12. On or about June 1, 2016, Plaintiff and Defendant entered into an out-of-court settlement agreement resolving the dissolution of ASJS (the "**Settlement Agreement**").

13. Under the terms of the Settlement Agreement, the parties agreed that Defendant would remain in control of ASJS's banking accounts, where payments from insurance carriers and government agencies would be remitted, until a time where

Defendant could secure a contract with Health First Insurance for his own medical practice, Brooklyn Urgent Care of Marine Park PLLC.

14. In addition, during the time Defendant maintained control of ASJS's accounts, Defendant was obligated to provide Plaintiff with his rightful portions of the income brought-in by ASJS from deposits made by various health insurance companies, Medicaid, and Medicare.

15. Defendant secured the contract with Health First Insurance on January 1, 2017, at which point, control of ASJS and its account was to be transferred to Plaintiff.

16. It was further understood and agreed that Defendant would only remain in control of ASJS's banking accounts because he would hold Plaintiff's share of the income in trust and thereafter remit those funds directly to Plaintiff.

17. Despite the Settlement Agreement, and the fact that under the Settlement Agreement a portion of the funds received by ASJS being earmarked for Plaintiff and rightfully belonging to Plaintiff, Defendant continued to use one hundred (100%) percent of the funds received by ASJS for his own purposes.

18. Under the Settlement Agreement, Defendant was also required to pay the American Express credit card balance associated with ASJS under which Plaintiff was the personal guarantor—which Defendant also failed to do.

19. Plaintiff became aware that ASJS's accounts were being drained by Defendant on a weekly basis and made numerous demands for his portion of the

4

income to be remitted to his account immediately. Defendant promised to provide Plaintiff with his portions of the income but never did.

20. Due to Defendant's noncompliance with the Settlement Agreement, and Defendant's absconding with Plaintiff's portion of the income from ASJS, Plaintiff filed an emergency application in the proceeding entitled *Jason Shevetz, MD v. Ashraf Salem*, under Index No. 881/17 in Kings County Supreme Court (the "**State Court Action**"), seeking, *inter alia*, to enjoin Defendant from diverting the income from ASJS in defiance of the Settlement Agreement.

21. Following Plaintiff's filing of the emergency application in the State Court Action, Defendant confessed to judgment, and a judgment was entered in Plaintiff's favor in the amount of $273,699.75 on June 8, 2018.

### Procedural Background

22. On May 17, 2019 (the "**Filing Date**"), the Defendant filed a voluntary petition in accordance with chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**") with the United States Bankruptcy Court for the Eastern District of New York (the "**Court**").

23. Defendant's Schedule A/B does not list a retirement or pension account as an asset. Despite this, it was revealed during the Defendant's Bankruptcy Code § 341 meeting, by another creditor, that Defendant is the owner of a TIAA retirement account worth $44,000.00 that has not been listed in his schedules.

FLF No. 46376.00090

24.     Defendant's Schedule A/B also fails to list the no-fault medical collection claims possessed by the Entities, to which the Debtor is the sole beneficial owner. The no-fault medical collections claims have an estimated value of $2.5 million.

25.     Defendant listed Fazio on Schedule E/F with a contingent claim in the amount of $290,409.00, despite Fazio being a judgment creditor.

26.     Defendant's Schedule E/F also include a number of close friends, family members, or former employees as creditors to the Defendant's estate.

27.     By Notice of Appointment of Successor Trustee, Debra Kramer, Esq. was appointed the interim chapter 7 trustee (the "**Trustee**"), has since duly qualified and is now the permanent Trustee of the Defendant's estate.

28.     On June 27, 2019, the Debtor appeared at his First Meeting of Creditors pursuant to Bankruptcy Code § 341(a) Meeting, which has since been further adjourned.

29.     Through successive So Ordered stipulations, Plaintiff's time to object to the Defendant's discharge and/or the dischargeability of certain debt has been extended to February 21, 2020 (Dkt 87).

**First Cause of Action**
**(Bankruptcy Code § 523[a][4])**
**(incorporation all prior allegations)**

30.     Bankruptcy Code § 523(a)(4) provides that a discharge under the Bankruptcy Code does not discharge an individual debtor from any debt—"for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."

FLF No. 46376.00090

31. As described herein, Defendant committed fraud and/or defalcation, while acting in a fiduciary capacity, and/or embezzlement and/or larceny.

32. Plaintiff has been and will continue to be injured unless this Court excepts Plaintiff's debt from being discharged.

**WHEREFORE**, plaintiff Jason Shevetz, demands:

    i.      **judgment in favor of Plaintiff and denying the dischargeability of Defendant's debt owed to Plaintiff under Bankruptcy Code § 523(a)(4);**

    ii.      **costs and disbursement associated with brining this proceeding; and**

    iii.      **for such other, further, and equitable relief as this Court deems just and proper.**

**Dated: February 21, 2020**
**Old Brookville, New York**

> **THE FRANK LAW FIRM P.C.**
> *Counsel for Jason Shevetz*
>
> By: *s/Thomas J. Frank*
>     Thomas J. Frank, Esq.
> 333 Glen Head Road, Suite 208
> Old Brookville, New York 11545
> Tel:    (516) 246-5577
> Fax:    (516) 246-5597 (For court use only)
> Em:    thomas@frankfirmpc.com

FLF No. 46376.00090